IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM E. COLLINS, # B-87842 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-802-MJR |
| | ) |
| HON. MARK H. CLARKE, and | ) |
| JEFFREY B. FARRIS, ESQ., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff William E. Collins, currently incarcerated at Shawnee Correctional Center, is serving a 27 year sentence for drug trafficking. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Clarke, the presiding judge in his underlying criminal case and Defendant Farris, the state prosecutor. Collins alleges prosecutorial misconduct, malicious prosecution and that he was not afforded a fair trial.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

Upon review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**<u>Defendant Clarke</u>**

In essence, Plaintiff Collins sues Defendant Judge Clarke for his rulings and evidentiary determinations during trial. According to the complaint, the judge was biased, and among other things he allowed perjured testimony and premised his order denying Collins' motion to suppress on inaccurate facts. Collins also contends that Clarke was aware that Collins was not receiving effective assistance of counsel.

Judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Therefore, the claim(s) against Judge Clarke shall be dismissed with prejudice.

**<u>Defendant Farris</u>**

Collins alleges that the prosecutor, Farris, violated his Fourth Amendment rights by withholding unspecified exculpatory evidence, and by prosecuting the case based on a traffic stop Farris knew was unlawful. Like, Judge Clarke, Farris is entitled to absolute immunity under these circumstances.

The Supreme Court has recognized that prosecutors may be, but are not always entitled to absolute immunity, depending upon the function the defendant was performing. *Buckley v. Fitzsimmons,* 509 U.S. 259, 269 (1993). In *Imbler v. Pachtman,* 424 U.S. 409, 431

(1976), the Supreme Court held that a state prosecutor had absolute immunity for the initiation and pursuit of a criminal prosecution, including presentation of the state's case at trial. In contrast, if the prosecutor was acting more in an investigatory, the prosecutor would only be entitled to the qualified immunity afforded to law enforcement officials. *Buckley,* 509 U.S. at 269-270.  The complaint only alleges misconduct in the presentation of the case at trial, and possibly during a preliminary hearing, thereby entitling Farris to absolute immunity.  Therefore, the claim(s) against Defendant Farris shall be dismissed with prejudice.[1]

**Disposition**

The claims and the entire action against Defendants **CLARKE** and **FARRIS** are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE** this case and final judgment shall enter.

**IT IS SO ORDERED.**

DATED:  August 20, 2012

<u>s/ *Michael J. Reagan*</u>
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 481-482, 487 (1994), dictates that when a claim for damages would "necessarily" undermine an existing conviction the damages claim is not cognizable until the conviction has been invalidated—it must be dismissed.  Because the Court has determined that absolute immunity protects Defendants from suit, *Heck* is not addressed by the Court.